Daniel G. Albert, J.
In this action arising out of the "pick-four” wagering at Monticello Racetrack, defendants New York City Off-Track Betting Corporation (hereinafter referred to as "NROTBC”) and Suffolk Regional Off-Track Betting Corporation (hereinafter referred to as "SROTBC”) move for judgment dismissing plaintiff’s action.
The within action arose as a result of pick-four wagering at Monticello Racetrack for the races held on April 21, 1976. Under such a format, the bettor must select the first place horses in each of the four races designated by an off-track betting corporation. On the aforesaid date, the pick-four races were the 6th, 7th, 8th and 9th at Monticello Raceway. When NYCOTBC discovered a horse it had listed as scratched and had not accepted bets on was, in fact, to run in one of the races making up the pick-four, NYCOTBC canceled all wagering on the 6th race and on the pick-four. NROTBC and *325 SROTBC are tied into the NYCOTBC computer system forming a single pick-four pool. Thus, when NYCOTBC canceled the wagering on the pick-four, as noted above, NROTBC and SROTBC were compelled to do likewise. In accordance with the rules and regulations of the three moving defendants, all moneys wagered were to be refunded (NYCOTBC, Rules and Regulations, § 2.10; NROTBC, SROTBC, Rules and Regulations, § 2.11A).
Plaintiff was one of six bettors who held a ticket showing the four winners for the races originally designated as pick-four races. When plaintiff attempted to collect on it, he was refused payment. Thereupon, plaintiff commenced this action designating it as a class action on behalf of himself and the five other winners. Insofar as the class aspect of this action is concerned, plaintiff conceded on the oral argument of the within motions that this action is one not properly maintainable as a class action. Concerning defendants’ contention that plaintiff’s only remedy is to appeal his claim to the State Racing and Wagering Board in accordance with rule 4.14 of the rules and regulations, such contention is without merit as there is nothing in said rule precluding the plaintiff from maintaining this action.
Turning to the merits of the subject motions, there has been no showing by the plaintiff that defendants’ actions herein were not proper or not in full accordance with the rules and regulations promulgated by each defendant. Such rules and regulations have the effect of law (L 1970, ch 144, § 72, subd 12, par [a] [NYCOTBC]; L 1973, ch 346, § 173, subd 11, par [a] [NORTBC and SROTBC]) and plaintiff is presumed to know these rules and regulations when placing a bet with the defendants (see Hochberg v New York City Off-Track Betting Corp., 74 Misc 2d 471, affd 43 AD2d 910; Salmore v Empire City Racing Assn., 123 NYS2d 688).
Accordingly, the within motions to dismiss plaintiff’s complaint are granted.