█ Mary Mc Bride et al., Respondents, v New York City Off-Track Betting Corporation, Appellant.—In an action to recover a sum of money due on a certain wager, the defendant appeals from an order of the Supreme Court, Kings County, dated March 30, 1977, which denied its motion for summary judgment. Order reversed, on the law, without costs or disbursements, and defendant's motion granted. On April 21, 1976 plaintiffs purchased a ticket from defendant, OTB, on that day's Pick-Four, which is a pari-mutuel bet in which the better attempts to select the winning horse in four consecutive races. The plaintiffs did correctly name the four winners in the Pick-Four, but upon presentation of the ticket, they discovered that OTB had canceled all betting on the Pick-Four for that day. It seems that on April 21, 1976, OTB was under the misapprehension that a particular horse had been scratched from one of the Pick-Four races. Therefore, OTB had not sold any Pick-Four tickets which named the supposedly scratched horse. At about 5:30 P.M. on that day, OTB learned that the horse had not, in fact, been scratched. Realizing that many bettors had not been given the opportunity to bet on a potential winner, OTB canceled all betting on the Pick-Four before any races were run that evening. Under the New York City Off-Track Betting Corporation Law, OTB has the power to promulgate rules and regulations in order to carry out the purposes of the off-track betting legislation (New York City Off-Track Betting Corporation Law, § 144, as amd). These rules and regulations have the force and effect of law. Section 2.10 of the rules and regulations provides: "The Corporation reserves the right to prohibit betting on a particular horse or horses or in any or all pari-mutuel pools for any reason; when the Corporation prohibits further betting on a horse or horses in a pari-mutuel pool for which it has previously accepted bets, bets on such horse or horses shall be refunded." Therefore, by the terms of OTB's regulations, it had the right to cancel betting on the April 21, 1976 Pick-Four for any reason. In the absence of some specific allegation of fraud, OTB is not liable to the plaintiffs for a winner's share in the Pick-Four (see *Ronca v New York State Racing & Wagering Bd.*, 90 Misc 2d 324). There being no issue of fact remaining for trial, the defendant was entitled to summary judgment. Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.